**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DOSTON QURBONOV,

*Petitioner*,

v. Case No. 3:26-cv-954-WWB-LLL

FOD GARRETT RIPA, et al.,

*Respondents*.

---

**ORDER**

Petitioner, with help from counsel, is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging, *inter alia*, that Immigration and Customs Enforcement's ("**ICE**") mandatory detention of him without an individualized bond hearing is unlawful under the Immigration and Nationality Act ("**INA**"). (*See* Doc. 1). Federal Respondents concede that based on the Eleventh Circuit Court of Appeals' recent decision, Petitioner is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). (*See* Doc. 13 at 1 (citing *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026))).

In *Hernandez Alvarez*, the Eleventh Circuit held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." 175 F.4th at 1276. Federal Respondents acknowledge that Petitioner falls into the latter category of aliens and is entitled to a bond hearing. (Doc. 13 at 3). As such, considering the opinion in *Hernandez Alvarez* and Federal Respondents' concession that Petitioner is entitled to a bond hearing, the Court grants Petitioner's claim that his mandatory

detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[1]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[2] Within **seven days** of the date of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner,

[1] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A). *See Arellano v. Warden, Baker Corr. Inst.,* No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The State Respondents' Motion to Dismiss (Doc. 9) is **DENIED as moot**.

3. Petitioner's Motion to Amend (Doc. 11) is **DENIED as moot**.

4. Petitioner's Expedited Motion for Consideration of Petition (Doc. 15) is **DENIED without prejudice**.[3]

5. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 17, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Counsels of Record

[3] Petitioner explains that on June 9, 2026, an immigration judge erroneously denied Petitioner bond based on an improper belief that he lacked jurisdiction because Petitioner was detained under § 1225. (Doc. 15). This Order clarifies that Petitioner is detained under § 1226, and thus, it should remedy this error at Petitioner's ordered redetermination bond hearing.